UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NUVEEN SERVICES, LLC,                          :
                                               :
                    Plaintiff,                 :
                                               :
        - against -                            :          **23 Civ. 9942 (LTS) (GS)**
                                               :
                                               :          **OPINION & ORDER**
XAVIER FULLER,                                 :          **AND REPORT &**
                                               :          **RECOMMENDATION**
                    Defendant.                 :
                                               :
-----------------------------------------------------------------:
XAVIER FULLER,                                 :
                                               :
                    Third-Party Plaintiff,     :
                                               :
        - against -                            :
                                               :
TEACHERS INSURANCE AND ANNUITY                 :
ASSOCIATION OF AMERICA,                        :
                                               :
                    Third-Party Defendant.     :
------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

        Before the Court are two motions related to the Amended Third-Party

Complaint ("ATPC") filed by Defendant and Third-Party Plaintiff Xavier Fuller

("Fuller") against Third-Party Defendant Teachers Insurance and Annuity

Association of America ("TIAA"). In the ATPC, Fuller seeks indemnification and

advancement of his attorneys' fees and costs in connection with the underlying

action brought against him by Plaintiff Nuveen Services, LLC ("Nuveen"). Fuller

moves to compel TIAA to advance his attorneys' fees and costs during the pendency

of this action. (Dkt. No. 35). TIAA, in turn, moves to dismiss the ATPC under Rule

12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 53).

Both motions were referred to the undersigned—Fuller's as a non-dispositive motion, which may be decided by opinion and order (Dkt. No. 50),[1] and TIAA's as a dispositive motion requiring a report and recommendation (Dkt. No. 56).  For the reasons set forth below, the undersigned concludes that Fuller's motion for advancement should be **DENIED**, and respectfully recommends that TIAA's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

### A. The Underlying Action

As recounted in greater detail in the Court's prior Report & Recommendation concerning Fuller's motion to dismiss (Dkt. No. 64 (the "R&R")), this case arises from Fuller's alleged disclosure and retention of confidential information within the meaning of two contractual agreements (the "Separation Agreement" and the "Confidentiality Agreement," together, the "Agreements") entered into between Fuller and Nuveen, a subsidiary of TIAA.[2]  (R&R at 2, 7-10).  Nuveen primarily alleges that, prior to Fuller's departure from the company in November 2018, he improperly disclosed to a third party a confidential private placement memorandum prepared on behalf of one of Nuveen's clients (the "PPM").  (*Id.* at 2-3, 8-10).

---

[1] There is some uncertainty in this Circuit as to whether a magistrate judge may decide motions seeking advancement via opinion and order versus a report and recommendation.  *See Doran Jones, Inc. v. Per Scholas, Inc.*, No. 16 Civ. 2843 (AT) (BCM), 2017 WL 2197100, at *1 n.2 (S.D.N.Y. May 2, 2017) (collecting cases).  Consistent with the referral order (Dkt. No. 50), the Court decides Fuller's advancement motion by opinion and order.  *See Levy v. Young Adult Inst., Inc.*, No. 13 Civ. 2861 (JPO) (SN), 2015 WL 5333536 (S.D.N.Y. Sept. 14, 2015) (deciding motion for advancement via opinion and order).

[2] TIAA is not a party to the underlying action.

As further explained in the R&R, Nuveen filed this action in the latter half of 2023, after it was advised by "an executive affiliated with the company that prepared" the PPM that the information marked "confidential" therein had been "compromised." (*Id.* at 8 (citations omitted)). Nuveen subsequently commenced an internal investigation, which revealed that on September 20, 2018, Fuller transmitted the PPM via his personal email address to an individual named John White. (*See id.*). The internal investigation also "raised significant concerns" that Fuller may be in possession of additional confidential information, based on a November 15, 2018 email Fuller sent to his personal email address containing a list of firms he had relationships with while at Nuveen. (*Id.* at 10). Shortly after Nuveen's discovery of these emails, Nuveen sued Fuller for breach of contract and breach of the duty of loyalty. (*See* Dkt. No. 8). It also sought preliminary injunctive relief to prohibit Fuller from disclosing, retaining, or using Nuveen's confidential information in the future, which the Honorable Jennifer L. Rearden denied on December 6, 2023. (Dkt. Nos. 6 & 29).

The operative complaint in the underlying action, the Second Amended Complaint (the "SAC"), was filed on December 11, 2023. (Dkt. No. 32). It includes an allegation that a different Nuveen employee sent a copy of the PPM to Fuller's work email one week prior to Fuller sending a copy of the PPM to John White. (*Id.* ¶ 39). The SAC claims that Fuller violated the Agreements by retaining, disclosing, and/or using Nuveen's confidential information (*id.* ¶ 56), and breached

his duty of loyalty by removing, disclosing, and/or using confidential information (*id.* ¶ 60).

Throughout this litigation, Fuller has vigorously contested Nuveen's allegations. He submitted a declaration in opposition to Nuveen's preliminary injunction motion. (Dkt. No. 15). In that declaration, Fuller maintains that he received the PPM from "a third party [on his] personal email" before sending it to John White and that he had "no reason to believe" the PPM "came from Nuveen." (*Id.* ¶¶ 13, 17; *see also* SAC ¶¶ 35-36).

On February 5, 2024, Fuller moved to dismiss the SAC, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. Nos. 42 & 43). After full briefing from the parties (*see* Dkt. Nos. 46 & 47), on August 1, 2024, the Court recommended dismissal of the SAC, while further recommending that Nuveen be given an opportunity to seek leave to amend its complaint a third time. (R&R at 31-32, 38-39). On August 15, 2024, Nuveen lodged timely objections to the R&R. (Dkt. No. 65). Fuller's responses thereto are due on September 12, 2024. (Dkt. No. 67).

**B. The ATPC's Allegations**

Fuller initially impleaded TIAA via a third-party complaint filed on January 26, 2024. (Dkt. No. 33). The ATPC, filed over a month later on March 18, 2024, "seeks indemnification and advancement of costs incurred" by Fuller in the underlying action "pursuant to TIAA's By-Laws" and Sections 722-724 of either New York's Business Corporation Law ("BCL") or New York's Not-For-Profit Corporation Law ("N-PCL"). (ATPC ¶ 1 (Dkt. No. 49)). According to Fuller, he was

a TIAA employee from November 2009 until November 2018, who "at TIAA's request" served Nuveen, "a TIAA subsidiary," in "various capacities, including as a 'director' and signing officer." (*Id.* ¶¶ 1-2).

Fuller claims that he signed the Confidentiality Agreement at issue in the underlying case on May 23, 2014, and afterwards, that same year, "TIAA purchased Nuveen" and "Nuveen became [TIAA's] wholly owned subsidiary." (*Id.* ¶¶ 8-9). Though TIAA asked Fuller "in writing to provide services to Nuveen," he claims that he never signed "any agreement moving his employment [from TIAA] to Nuveen." (*Id.* ¶¶ 10-11).

As Fuller worked his way up the corporate ladder, he alleges he was given the title of "'Director' and the status of signing officer." (*Id.* ¶ 13). As a result of his title and responsibilities, Fuller sought and received "assurance from the company that he qualified to be indemnified" and alleges that he "qualified as an officer or de facto officer of TIAA or Nuveen." (*Id.* ¶¶ 14-15). More specifically, Fuller claims that he was authorized to sign documents as "a Director of Nuveen and related subsidiaries," and he attached as an exhibit to the ATPC a signature block reflecting his signature as a "Director" of "Nuveen Alternative Advisors." (*Id.* ¶ 16 & Ex. 4).

The ATPC then turns to TIAA's bylaws, which Fuller claims "provide for extremely broad indemnification and advancement rights to people providing service to the company." (*Id.* ¶ 29). Thereafter, the ATPC refers to Sections 721-724 of New York's BCL and N-PCL, alleging they "authorize indemnification

and advancement of directors, officers, and other persons by a New York corporation." (*Id.* ¶ 30).  Relying on these provisions, Fuller claims that because he was sued by Nuveen, a TIAA subsidiary, by reason of the fact that he provided services to Nuveen, he is entitled to indemnification and advancement from TIAA. (*Id.* ¶ 32).

Based on the foregoing allegations, the ATPC brings two counts: one for indemnification (Count I) and the other for advancement (Count II).  (*Id.* ¶¶ 39-48). In Count I, Fuller claims that, pursuant to the BCL or N-PCL and TIAA's by-laws, he is or will be "entitled to indemnification of [his] reasonable fees and expenses incurred in connection with" Nuveen's action against him.  (*Id.* ¶ 43).  In Count II, Fuller requests that the Court order "interim advancement of reasonable attorneys' fees and expenses" pursuant to the BCL or N-PCL and that the advancement be "administered in accordance with the procedures set forth" in *Schlossberg v. Schwartz*, 43 Misc.3d 1224(A), 2014 WL 1976650 (N.Y. Sup. Ct. Nassau Cnty. May 14, 2014).  (*Id.* ¶¶ 48-49(a)).

### C. The Instant Motions

Along with the filing of his initial third-party complaint, Fuller filed his motion to compel advancement from TIAA and an accompanying memorandum of law in support.  (Dkt. Nos. 33, 35 & 36 ("MTC Br.")).  The advancement motion relied solely on the provisions of the BCL.  (*See generally* Dkt. Nos. 35 & 36).

After Fuller's moving brief was filed, the parties wrote the Court setting forth TIAA's position that it is a not-for-profit corporation and, thus, the N-PCL rather

than the BCL governs the parties' dispute.  (Dkt. No. 48).  While Fuller does not concede TIAA's non-profit status, he and TIAA jointly asked the Court to treat his motion to compel as brought under both the BCL and N-PCL, explaining that the relevant indemnification and advancement provisions of the two statutory regimes are virtually identical and that courts treat them as analytically indistinct. (*Id.* at 1-2).

Based on this letter, the Court endorsed the parties' plan for treatment of Fuller's motion to compel.  (Dkt. No. 51).  In turn, Fuller filed the ATPC and included references to N-PCL provisions, among other changes.  (*See, e.g.*, ATPC ¶¶ 1, 3, 14, 15, 40).[3]

TIAA responded to Fuller's filing of the ATPC by opposing Fuller's motion to compel advancement and moving to dismiss the ATPC on March 25, 2024. (Dkt. Nos. 52 ("MTC Opp."), 53 & 54 ("MTD Br.")).  Subsequently, on April 15, 2024, Fuller submitted a reply on his motion to compel and an opposition to TIAA's motion to dismiss the ATPC.  (Dkt. Nos. 57 ("MTC Reply") & 58 ("MTD Opp.")).  Finally, on April 24, 2024, TIAA submitted a reply brief in support of its motion to dismiss the ATPC.  (Dkt. No. 60 ("MTD Reply")).

---

[3] Accordingly, the Court refers herein to the "BCL/N-PCL" statutory scheme.  For ease of analysis, however, citations to specific provisions are only to the BCL.  The Court makes no finding as to whether TIAA is a not-for-profit or a for-profit corporation.

# LEGAL STANDARDS

## A. Motion to Dismiss for Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (complaint must raise "more than a sheer possibility that a defendant has acted unlawfully").

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept[] all factual allegations in the complaint as true" and "draw[] all reasonable inferences in the plaintiff's favor." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (citation omitted). Courts need not, however, consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 94 F.3d 95, 101 (2d Cir. 2021) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Determining whether a plausible claim has been pled is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113 (2d Cir. 2023).  However, "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556.  The court's task "is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of N.Y.*, 952 F.3d 67, 75 (2d Cir. 2020).

## B. Advancement and Indemnification

Under New York law,[4] "[i]ndemnification and advancement of legal fees are two distinct corporate obligations." *Crossroads ABL LLC v. Canaras Cap. Mgt., LLC*, 105 A.D. 3d 645, 645, 963 N.Y.S.2d 645 (1st Dep't 2013); *see also Ficus Invs., Inc. v. Private Cap. Mgt., LLC*, 61 A.D.3d 1, 9, 872 N.Y.S.2d 93 (1st Dep't 2009) (indemnification and advancement serve "separate purposes").  "Advancement is a species of loan—essentially simply a decision to advance credit—to an officer or director pending later determination of that person's right to receive and retain indemnification." *In re Adelphia Commc'ns Corp.*, 323 B.R. 345, 375 (Bankr. S.D.N.Y. 2005) (cleaned up).  "The corporation maintains the right to be repaid all sums advanced, if the individual ultimately is shown not to be entitled to advancement." *Id*.  "By contrast, indemnification refers to the ultimate obligation of

---

[4] The ATPC alleges that TIAA is a New York company (ATPC ¶ 3) and the parties do not dispute that New York law applies to Fuller's claims for indemnification and advancement.

the corporation—not infrequently imposed as a mandatory matter by statute or bylaws—to bear the costs of defense . . . after a final determination of the merits of the claims asserted against that officer or director." *Id.* at 375-76.

While a final determination of the right to indemnification "is delayed until the conclusion of the matter," the right to advancement is determined in a "summary proceeding" while the proceeding is ongoing. *Ficus Invs., Inc.*, 61 A.D. at 9. The party requesting advancement must show there are "genuine issues of law or fact as to indemnifiable claims to warrant an order by the court directing the advancement of expenses." *Schlossberg*, 2014 WL 1976650 at *4. "This is a far less demanding standard than that necessary on a motion for summary judgment." *Galante v. Queens Borough Pub. Library*, No. 15 Civ. 6267 (ARR) (RLM), 2016 WL 4573978, at *4 (E.D.N.Y. Aug. 31, 2016) (cleaned up).

## DISCUSSION

Fuller argues that he is entitled to both indemnification and advancement under the BCL/N-PCL statutory framework. (*See* ATPC ¶ 43). He also claims a right to indemnification (but not advancement) under TIAA's bylaws. (*Compare id.* ¶ 43 *with id.* ¶ 48). The Court first addresses Fuller's rights under the BCL/N-PCL and concludes that he is entitled to neither indemnification nor advancement under the statutory scheme because he has not plausibly alleged or shown that he was a director or officer of TIAA or Nuveen. Accordingly, Fuller's motion for advancement should be denied and TIAA's motion to dismiss Fuller's statutory claims should be granted.

The Court then addresses Fuller's claim for indemnification under TIAA's bylaws and concludes that the ATPC adequately states a claim for such relief in light of the bylaws' broad language. Accordingly, TIAA's motion to dismiss Fuller's claim for contractual indemnification should be denied.

## A. Statutory Framework

Section 722 of Article 7 of the BCL, entitled "Authorization for indemnification of directors and officers," describes circumstances in which corporations may indemnify persons involved in legal proceedings. The parties agree that Fuller's statutory claim for indemnification is governed by BCL Section 722(a).[5] That provision states:

> A corporation may indemnify any person made, or threatened to be made, a party to an action or proceeding (other than one by or in the right of the corporation to procure a judgment in its favor), whether civil or criminal, including an action by or in the right of any other corporation of any type or kind, domestic or foreign, or any partnership, joint venture, trust, employee benefit plan or other enterprise, which any director or officer of the corporation served in any capacity at the request of the corporation, by reason of the fact that he, his testator or intestate, was a director or officer of the corporation, or served such other corporation, partnership, joint venture, trust, employee benefit plan or other enterprise in any capacity, against judgments, fines, amounts paid in settlement and reasonable expenses, including attorneys' fees actually and necessarily incurred as a result of such action or proceeding, or any appeal therein, if such director or officer acted, in good faith, for a purpose which

---

[5] Fuller moved for advancement on the alternative theory that Section 722(c) potentially covers his claim for indemnification. (MTC Br. at 8-9; *see also* ATPC ¶ 33). Section 722(c) applies to actions brought against an indemnified person by or in the right of the indemnifying corporation itself. Here, the underlying action was brought by Nuveen, not TIAA, and as noted in Fuller's reply, despite the close relationship between the two entities, TIAA's opposition does not argue that Section 722(c) is applicable instead of Section 722(a). (MTC Reply at 1, 4; *see* MTC Opp. at 6-9).

> he reasonably believed to be in, or, in the case of service
> for any other corporation or any partnership, joint
> venture, trust, employee benefit plan or other enterprise,
> not opposed to, the best interests of the corporation and,
> in criminal actions or proceedings, in addition, had no
> reasonable cause to believe that his conduct was
> unlawful.

N.Y. Bus. Corp. L. § 722(a).  Thus, Section 722(a) "permits but does not require a corporation to provide in its bylaws or other corporate documents for the indemnification of its officers and directors against legal judgments and expenses incurred by them in civil [] litigation . . . if at the pertinent times the officer or director was acting in good faith."  *Sequa Corp. v. Gelmin*, 828 F. Supp. 203, 205 (S.D.N.Y. 1993).

Under Section 723, a person who has been successful in the defense of an action is entitled to indemnification as authorized under Section 722.  *See* N.Y. Bus. Corp. L. § 723(a).  And under Section 724, titled "Indemnification of directors and officers by a court," such a person is entitled to indemnification even where the corporation does not provide it.  *See* N.Y. Bus. Corp. L. § 724(a) ("Notwithstanding the failure of a corporation to provide indemnification, and despite any contrary resolution of the board or of the shareholders in the specific case under section 723 . . . indemnification shall be awarded by a court to the extent authorized under section 722 . . . and paragraph (a) of section 723(a).").  "This type of indemnification has been termed 'mandatory' indemnification because the corporation does not have discretion whether or not to grant it."  *Federico v. Brancato*, 56 Misc.3d 1211(A), 2017 WL 3269097, at *2 (N.Y. Sup. Ct. Suffolk Cnty. July 3, 2017) (citation

omitted); *see also Levy v. Young Adult Inst., Inc.*, No. 13 Civ. 2861 (JPO) (SN), 2015 WL 5333536, at *2 (S.D.N.Y. Sept. 14, 2015) ("The court's authority to order indemnification exists even when the corporation has refused.").

Section 724(c) provides that where indemnification is sought, "the court may allow a person such reasonable expenses, including attorneys' fees, during the pendency of the litigation" if the court finds that the defendant "has by his pleadings or during the course of the litigation raised genuine issues of fact or law." N.Y. Bus. Corp. L. § 724(c). Thus, Section 724(c) "allows a director or officer of a . . . corporation to seek advancement of legal fees when a lawsuit is filed against him for which he may ultimately be entitled to indemnification" and the court finds he has raised "genuine issues of fact or law." *Galante*, 2016 WL 4573978, at *2. Fuller, however, concedes that advancement under Section 724(c) is available to him only if he is entitled to statutory indemnification under Sections 722 or 723. (*See* MTC Br. at 6; MTC Reply at 9).

The BCL itself makes clear that it is not the exclusive source of indemnification and advancement rights. As stated in Section 721, titled "Nonexclusivity of statutory provisions for indemnification of directors and officers":

> The indemnification and advancement of expenses granted pursuant to, or provided by, this article shall not be deemed exclusive of any other rights to which a director or officer seeking indemnification or advancement of expenses may be entitled . . . provided that indemnification may be made to or on behalf of any director or officer if a judgment or other final adjudication adverse to the director or officer establishes that his acts were committed in bad faith.

N.Y. Bus. Corp. L. § 721; *see Baker v. Health Mgmt Sys., Inc.*, 98 N.Y.2d 80, 88, 772 N.E.2d 1099, 745 N.Y.S.2d 741 (2002) (noting that Section 721 "expressly provides that article 7 is not an exclusive remedy and, thus, corporations remain free to provide indemnification . . . in bylaws, employment contracts or through insurance").

The last sentence of the same provision likewise makes clear that corporations are free, outside the context of the BCL, to provide indemnification rights to individuals who are not directors and officers. It provides: "Nothing contained in this article shall affect any rights to indemnification to which corporate personnel other than directors and officers may be entitled by contract or otherwise under law." N.Y. Bus. Corp. L. § 721; *see* 7A McKinney's Forms: Business Corporation Law § 5:123 (Feb. 2024 update) ("Indemnification of employees who are not officers or directors is not covered by the statute, but is left to the common law, i.e., it is a matter of provision in the certificate of incorporation, bylaws, contract, or resolution of directors or shareholders.") (citing Section 721).

**B. Fuller's Claims for Statutory Indemnification and Advancement**

Fuller argues that he is entitled to statutory indemnification under Section 722(a), and advancement under Section 724(c), because (1) he was either a director or officer of TIAA or Nuveen and (2) he is covered under Section 722(a) even if he was not a director or officer. (MTD Opp. at 7-8; MTC Reply at 2-4). Conversely, TIAA argues that Fuller's statutory claims for advancement and indemnification must fail because (1) Fuller inadequately pleads he was an officer or director of

TIAA or Nuveen and (2) statutory indemnification and advancement are available only for corporate officers and directors. (MTD Br. at 6-9; MTC Opp. at 6-9.) TIAA also raises several other defenses to Fuller's statutory claims, including that (1) Fuller fails to allege or show he acted in good faith in connection with the underlying action; (2) Fuller fails to allege or show he was sued by reason of the fact that he served as a director or officer of TIAA or Nuveen; and (3) advancement and indemnification would be inconsistent with the terms of the Agreements. (MTD Br. at 9-13; MTC Opp. at 9-21.)

### 1.    Fuller's Status as a Director or Officer

The ATPC avers that Fuller was a TIAA employee from 2009 to 2018. (ATPC ¶ 1.) Later in his employment, Fuller claims he served Nuveen as a "'director' and signing officer." (*Id.* ¶ 2.) In these capacities, Fuller states "upon information and belief" that he "qualified as an officer or de facto officer of TIAA or Nuveen." (*Id.* ¶ 15.) As a so-called "signing officer," he "was authorized to sign as a Director of Nuveen and related subsidiaries." (*Id.* ¶¶ 15-16.) Exhibit 4 to the ATPC shows that Fuller signed a document as a director of Nuveen Alternate Advisors ("NAA"). (*Id.* Ex. 4.)

In refuting the sufficiency of these allegations, TIAA argues that: (1) the ATPC contains no averment that Fuller was a TIAA director; (2) Fuller's submission of a document showing that he signed as a director of *NAA*, a separate subsidiary, contradicts his claim that he was a director of *Nuveen*; and (3) Fuller's statement that he was "an officer or de facto officer" of either TIAA or Nuveen is

insufficient to state a claim that he was an officer of either entity. (MTD Br. at 6-9). In response, Fuller claims that the allegations in the ATPC create an issue of fact as to his employment status. (MTD Opp. at 8-9).

TIAA has the better of this argument. First, Exhibit 4 to the ATPC, in which Fuller is listed as a director of NAA, does not create an issue of fact as to whether Fuller was a director of Nuveen. Nuveen and NAA are separate legal entities, and it is axiomatic under New York law that "'[p]arent and subsidiary or affiliated corporation are, as a rule, treated separately and independently.'" *In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478, 495 (S.D.N.Y. 2011) (quoting *Sheridan Broad. Corp. v. Small*, 19 A.D.3d 331, 332, 798 N.Y.S.2d 45 (1st Dep't 2005)). Fuller points to no facts and cites no authority suggesting that this distinction should be ignored in this case. Thus, neither Exhibit 4 nor any other facts alleged in the ATPC give rise to a plausible inference that Fuller was a member of Nuveen's board of directors (or equivalent governing body).[6]

Equally unavailing are the ATPC's vague allegations that, over time, Fuller was given "increased authority and responsibility including the title of 'Director' and the status of signing officer." (ATPC ¶ 13; *see also id*. ¶ 16 (alleging that Fuller "was authorized to sign as a Director of Nuveen and related subsidiaries")).

---

[6] As part of its opposition to Fuller's motion for advancement, TIAA submitted a declaration attesting that Fuller did not have a director role at Nuveen. (MTC Opp. Ex A ¶ 5 (Declaration of Jeanne Zelnick)). That declaration also states that Fuller was not on NAA's governing body (the Board of Managers) in 2018 and that the designation of "director" within NAA was one shared by more than 40 other individuals at NAA in 2018. (*Id*. ¶¶ 3-4). Fuller submitted no contrary evidence on reply. For the avoidance of doubt, the Court considers the Zelnick Declaration solely in connection with Fuller's motion for advancement and not in connection with TIAA's motion to dismiss.

Assuming Fuller is alleging that he held the title of "Director" at Nuveen itself (as opposed to NAA), he notably does not allege that he was a member of the *board of directors* or other governing board of Nuveen.  But that is the way the term "director" is used in the indemnification provisions of the BCL.  *See* N.Y. Bus. Corp. L. § 102(a)(5) (defining the term "[d]irector," for purposes of the BCL, to mean "any member of the *governing board* of a corporation, whether designated as director, trustee, manager, governor, or by any other title," and defining the term "board" to mean "board of directors") (emphasis added).

A similar analysis applies to Fuller's information-and-belief allegation that he "qualified as an officer or de facto officer" of TIAA or Nuveen because he was "provided assurance from the company" that he would be indemnified when he signed documents.  (ATPC ¶ 15).  Fuller does not allege that he *was* a duly appointed officer of TIAA or Nuveen, only that he "qualified" as such.  He cites no authority supporting the proposition that a "de facto officer" can qualify as an "officer" within the meaning of the statutory indemnification provisions of the BCL.

In fact, the case law suggests the opposite is true.  *See, e.g.*, *In re Gen. Vision Servs., Inc.*, 423 B.R. 790, 794 (S.D.N.Y. 2010) (under New York law, the de facto doctrine "is a legal fiction invoked to protect the interests of third parties who have relied, in good faith, upon the acts of the *de facto* officer"; "[i]t is not intended to benefit the corporate officer, who is presumed to know whether he has been legally appointed or elected") (citation omitted); *Stile v. Antico*, 272 A.D.2d 403, 404, 707 N.Y.S.2d 227 (2d Dep't 2000) ("While [defendant] may have served as something of

a de facto director whose acts may bind the corporation as to third parties, as between the de facto director and the corporation, a de facto director is not a director in law or fact."); *see also Schnupp v. Annapolis Eng'g Servs., Inc.*, No. 1220, Sept. Term, 2021, 2022 WL 2134690, at *5-7 (Md. App. June 14, 2022) (nonprecedential opinion) (rejecting defendant's claim that his status as a "*de facto* officer" entitled him to advancement and indemnification and stating that research "failed to unearth a single case" applying the *de facto* officer doctrine "solely to advance or indemnify attorney's fees to a *de facto* officer").

Finally, Fuller's argument that he should at least be allowed discovery on this issue, as he is "unsure after five years" what positions he held with which entities (MTD Opp. at 9), does not salvage his claim.  "As *Iqbal* makes clear, a plausible claim must come *before* discovery, not the other way around." *Goldrich v. Masco Corp.*, No. 22 Civ. 3769 (KMK), 2023 WL 2649049,  at *7 (S.D.N.Y. Mar. 27, 2023) (cleaned up) (emphasis in original); *see also McBeth v. Porges*, 171 F. Supp. 3d 216, 236 (S.D.N.Y. 2016) ("the Federal Rules of Civil Procedure do 'not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions' or speculation") (quoting *Iqbal*, 556 U.S. at 678-79).

Fuller offers nothing but speculation to suggest he may have been a director or officer of Nuveen.  Assuming, as the ATPC alleges, that Fuller was told he "qualified to be indemnified" (TPAC ¶ 15), that is not akin to a statement or a plausible basis for believing that Fuller was appointed a director or officer; Fuller himself alleges that he qualifies for indemnification as an employee under TIAA's

bylaws.  Further, while information-and-belief allegations may be deemed sufficient where "the facts are *peculiarly* within the possession and control of the defendant," *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (emphasis added), that is not the case here.

For these reasons, Fuller has failed to adequately plead (or for purposes of his motion for advancement, demonstrate) that he was an officer or director of Nuveen or TIAA within the meaning of Article 7 of the BCL.

## 2.    Applicability of Section 722(a) to Persons Other than Directors and Officers

Indeed, in his reply brief in support of his motion to compel advancement, Fuller relies solely on the argument that Section 722(a) authorizes indemnification for persons other than directors and officers.  (*See* MTC Reply at 2-4; *see also* MTC Br. at 6-8 (arguing that statutory indemnification and advancement apply to "officers, directors, and other qualifying individuals")).  In support of this argument, Fuller focuses on the "any person" language at the beginning of Section 722(a), contending that he qualifies under the statute as a "person" who "served such other corporation" (*i.e.*, Nuveen, the corporation suing him) "in any capacity." (*See* MTC Br. at 6-8; ATPC ¶ 32).

The text and context of Section 722(a) refute Fuller's argument.  A fundamental maxim of statutory interpretation commands that statutes should not be construed so as to render any part of the statutory text irrelevant.  *See Rocovich v. Consolidated Edison Co.*, 78 N.Y.2d 509, 515, 583 N.E.2d 932, 577 N.Y.S.2d 219 (1991) ("It is an accepted rule that all parts of a statute are intended to be given

effect and that a statutory construction which renders one part meaningless should be avoided"); *see also Auburn Hous. Auth. v. Martinez*, 277 F.3d 138, 145 (2d Cir. 2002) ("the cardinal principle of statutory construction is to save and not to destroy") (cleaned up).

But that is exactly what Fuller's interpretation does here.  The non-exclusivity provisions of Section 721 specifically describe Article 7 as bestowing indemnification and advancement rights on "a director or officer" and further specify that the rights of "corporate personnel other than officers and directors" are to be found *outside of* Article 7.  When read together with Section 721, it becomes clear that Section 722 and Section 724 are necessarily limited to officers and directors, as is made further evident by the titles of all three provisions, which expressly state they pertain to "directors" and "officers."[7]  Fuller's interpretation would render the language of Section 721 meaningless by expanding the statute's reach to persons other than officers and directors.

In addition, even when read in isolation, the plain language of Section 722(a) limits the statute's coverage to directors and officers.  Section 722(a) covers situations where an individual is sued by reason of the fact that the person (1) "was a director or officer of the corporation" (*i.e.*, the indemnifying corporation) or (2) "served such other corporation" (*i.e.*, a different corporation) in any capacity.  But the prior language in the clause defines the scope of the second category: "an action

---

[7] "Although the title of a section does not control the meaning of the text in that section," *Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 325 (2d Cir. 2006), titles may nevertheless be "useful," *id.*, or "informative," in shedding light on the statute's meaning.  *Avon Nursing & Rehab. v. Becerra*, 667 F. Supp. 3d 47, 57 (S.D.N.Y. 2023) (cleaned up).

by or in the right of any other corporation of any type or kind . . ., *which any director or officer of the corporation* served in any capacity at the request of the corporation." While Fuller claims that the "which" clause is "immaterial" (MTC Reply at 3-4), the clause plainly reflects the drafters' intent that the category of persons entitled to indemnification when sued by "such other corporation" (here, Nuveen) is limited to those persons who were a "director or officer" of the indemnifying corporation (here, TIAA). As Fuller was not a director or officer of TIAA, the fact that he provided services to Nuveen does not, by itself, bring him within the scope of Section 722(a).

Additional language appearing later in the statute confirms this reading. Towards the end of the lengthy sentence that comprises Section 722(a), the statute imposes a condition on the right to indemnification, allowing indemnification only "if *such director or officer* acted, in good faith, for a purpose which he reasonably believed to be in, or, in the case of service for any other corporation . . ., not opposed to, the best interests of the corporation." Here too, the statutory language presupposes that the person seeking indemnification, including in cases where the person provided service to another corporation, was a "director or officer." If Fuller's interpretation were correct and a person who was not a director of officer could qualify under Section 722(a), the phrase "such director or officer" would be rendered meaningless.

Thus, statutory text, title, and structure all point to the same conclusion: indemnification under Section 722(a) is limited to directors and officers. And that is

how the statute has long been understood by courts and commentators. *See, e.g.*, *Baker v. Health Mgmt. Sys., Inc.*, 264 F.3d 144, 150 (2d Cir. 2001) ("NYBCL § 722(a) authorizes indemnification for corporate directors and officers who are made parties to an action"); *First Chicago Int'l v. United Exchange Co. Ltd.*, 125 F.R.D. 55, 60 (S.D.N.Y. 1989) ("Mere employees cannot request a court to order the corporation to advance their legal fees under Section 724. Since it is undisputed that [defendant] was an employee, and not a director or officer, his request that the Court order plaintiff to advance his expenses must be denied."); 7A McKinney's Forms: Business Corporation Law § 5:123 (Feb. 2024 update) ("Indemnification of employees who are not officers or directors is not covered by the statute"); John F. Olson, et al., Director & Officer Liability: Indemnification and Insurance § 5:28 (Dec. 2023 update) ("The New York statute in its current form authorizes indemnification only of officers and directors of corporations.").

Fuller cites no authority holding otherwise. Instead, Fuller relies on one line of *dicta* in *Schlossberg* where the court hinted that the relevant provisions might apply to other corporate personnel. *See Schlossberg*, 2014 WL 1976650, at *4 (stating Section 722(a) applies to actions brought "against officers and directors (or against other 'persons' as defined therein")). (MTC Br. at 7 n.3; MTC Reply at 2). But as TIAA points out, *Schlossberg* also contains contrasting language about advancement and indemnification "necessarily requir[ing] that[] there be an action . . . against a person who is or was a director or officer." (MTC Opp. at 7 (quoting *Schlossberg*, 2014 WL 1976650, at *4)). Further, unlike here, the person seeking

22

indemnification in *Schlossberg* was a director and former officer of the corporation in question, 2014 WL 1976650, at *1, and the case thus did not involve the issue of whether Section 722(a) provides any protection to employees who are neither directors nor officers.[8]

In sum, Fuller has failed to state a claim for either statutory advancement or statutory indemnification pursuant to New York's BCL or N-PCL because (1) he does not adequately allege he was either a director or officer of Nuveen or TIAA and (2) Article 7's provisions apply only to a corporation's directors and officers. Since his motion to compel advancement does not rely on any factual assertions beyond those set forth in the ATPC, Fuller has, *a fortiori*, likewise failed to make a sufficient showing that he is entitled to advancement.

### 3.    TIAA's Remaining Arguments

Despite its conclusion that Fuller's statutory claims fail because he has not adequately pled officer or director status, the Court will also address TIAA's other arguments as to why Fuller's statutory claims are defective. These arguments are each unavailing.

### a.    Good Faith

First, TIAA argues that Fuller has failed to allege he acted in good faith in connection with the underlying action, citing *Biondi v. Beekham Hill House Apt.*

---

[8] Moreover, in the sentence immediately preceding the one upon which Fuller relies, the *Schlossberg* court stated in identical language that *Section 722(c)* applies to actions brought "against directors and officers (or against other 'persons' as defined therein)." 2014 WL 1976650, at *4. Yet Fuller himself concedes that Section 722(c) is "limited to officers and directors." (MTC Reply at 3.) This further cautions against relying on the *Schlossberg dicta* about Section 722(a).

*Corp.*, 94 N.Y.2d 659, 731 N.E.2d 577, 709 N.Y.S.2d 861 (2000).  (MTD Br. at 9-11).

In that case, the New York Court of Appeals held that indemnification was

unavailable to a director of a cooperative apartment corporation after a jury found

in the underlying action that he unlawfully refused to rent to certain prospective

tenants in violation of civil rights laws.  *Biondi*, 94 N.Y.2d at 661-62.  Reading

Section 721 and 722 together, the Court of Appeals held that "the key to

indemnification is a director's good faith toward the corporation."  *Id.* at 666

(emphasis omitted).  Here, TIAA argues that the ATPC does not, and could not

credibly, allege that Fuller "acted in 'good faith' by disclosing confidential

information to third parties and failing to return it in breach of his contracts."

(MTD Br. at 10).

        This argument fails.  The ATPC alleges that Fuller is "entitled to

indemnification" under the BCL/N-PCL by virtue of Nuveen's suing him in

connection with his service for Nuveen.  (ATPC ¶¶ 32, 40, 43).  By itself, this is an

allegation that Fuller satisfies the requirements for indemnification under Section

722(a), including that he "acted, in good faith, for a purpose which he reasonably

believed to be . . . not opposed to, the best interests of the corporation."  *See* N.Y.

Bus. Corp. L. § 722(a).  Moreover, the ATPC specifically alleges that to the extent

Fuller was provided access to confidential documents and information at Nuveen,

such documents and information "were received and reviewed by Mr. Fuller in his

positions at TIAA/Nuveen *in good faith* in connection with his positions at the

companies."  (ATPC ¶ 41) (emphasis added).  Further, Fuller filed the ATPC after

submitting an affidavit in this action denying he had engaged in the wrongful conduct alleged by Nuveen (Dkt. No. 15), as well as a letter to TIAA's counsel reiterating his denial (ATPC Ex. 5 at 4 n.2). Fuller has thus more than adequately alleged his good faith and reasonable belief he was not acting in a manner opposed to Nuveen's or TIAA's interests.

TIAA's additional argument that Fuller cannot show good faith because he "improperly disclosed confidential information and failed to return it" in "breach of [the Agreements]" (MTD Reply at 5; MTD Br. at 10) is also without merit. In substance, TIAA asks the Court to make a factual finding at the motion to dismiss stage that Fuller engaged in the wrongdoing alleged by Nuveen. This, of course, would be wholly improper. *See Palin*, 940 F.3d at 809 (on motion to dismiss, plaintiff's allegations must be accepted as true).[9] Unlike in *Biondi*, where there was a jury verdict in the underlying action "establishing Biondi's bad faith" prior to the action for indemnification, 94 N.Y.2d at 666, there has been no judicial finding that Fuller committed any wrongful conduct. To the contrary, the only rulings issued in Nuveen's action to date have been Judge Rearden's decision to deny Nuveen's motion for a preliminary injunction (Dkt. No. 29) and the undersigned's report and recommendation that the SAC be dismissed without prejudice (Dkt. No. 64). Accordingly, TIAA's argument must be rejected.

---

[9] Even in the context of Fuller's motion for advancement, Fuller need only raise "genuine issues of fact and law" that he will prevail in the underlying action. N.Y. Bus. Corp. L. § 724(c); *Levy*, 2015 WL 5333536, at *2 (noting that this burden "is not a stringent one"). Fuller has satisfied that standard here.

### b.    "By Reason Of" Requirement

TIAA next argues that the ATPC fails to allege that Fuller was sued "by reason of the fact" that he was a director or officer of TIAA or Nuveen. (MTD Br. at 11-12).  In support, TIAA asserts that even accepting Fuller's claim that he was a director of NAA, his status as a director of that entity had nothing to do with his alleged breaches of his Agreements with Nuveen.  (*Id*. at 11).  Fuller does not argue otherwise, but instead contends that he qualifies under Section 722(a) because Nuveen sued him by reason of the fact that he was an employee of Nuveen or served Nuveen in some other capacity.  (MTD Opp. at 8; MTC Reply at 4-5).  Based on the plain language of Section 722(a)'s second "by reason of" prong ("by reason of the fact that he . . . served such other corporation . . . in *any* capacity") (emphasis added), the Court agrees with Fuller on this particular point.

TIAA, however, also argues more broadly that "there must be a 'nexus or causal connection between [the underlying action] and one's official corporate capacity'" in order to satisfy the "by reason of" requirement.  (MTD Br. at 11 (quoting *Schlossberg*, 2014 WL 1976650, at *10); MTC Opp. at 16 (same)).  Such a nexus does not exist here, TIAA contends, because "the Nuveen Action arises exclusively from Fuller's breach of 'specific and limited contractual obligations.'" (MTC Opp. at 18 (quoting *Paolino v. Mace Sec. Int'l, Inc.*, 985 A.2d 392, 407 (Del Ch. 2009)); *see also Levy*, 2015 WL 5333536, at *4 (noting that cases where advancement has been denied "generally turn on a finding that the defendant is being sued in his personal, rather than corporate, capacity").

26

But as Fuller notes (MTC Reply at 5; MTD Opp. at 10), Nuveen's claims against Fuller do *not* arise exclusively from Fuller's alleged breaches of the Agreements. Rather, in addition to its breach of contract claim, Nuveen asserts a separate claim against Fuller for breach of the duty of loyalty arising from his fiduciary duties as an employee. (*See* SAC ¶¶ 58-61). And in the briefing on Fuller's motion to dismiss the SAC, Nuveen took the position that its breach of loyalty claim was "independent" of (and not duplicative of) its breach of contract claim and that Fuller's alleged disclosure of the PPM "violates his duty of loyalty separate and apart from any contractual obligation prohibiting him from doing so." (Dkt. No. 46 at 1, 19). Thus, Nuveen's breach of loyalty claim (at a minimum) bears the requisite "nexus" to Fuller's official duties as an employee.[10] Accordingly, TIAA's argument that the ATPC fails to adequately plead the "by reason of" element of a statutory claim is unpersuasive.

### c. Inconsistency with the Agreements

Finally, relying on BCL Section 725, which bars statutory indemnification or advancement where it "would be inconsistent" with a provision of "an agreement," N.Y. Bus. Corp. L. § 725(b)(2), TIAA argues that allowing Fuller to seek indemnification and advancement would be inconsistent with the Agreements. (MTD Br. at 12-13; MTC Opp. at 19-20). The inconsistency, according to TIAA, is

---

[10] Although Fuller also argues that he is entitled to indemnification in defending against Nuveen's breach of contract claim, at least insofar as that claim arises from the Confidentiality Agreement (MTD Opp. at 10-11; MTC Reply at 6), and the parties vigorously dispute whether the case law supports their view (MTC Br. at 12-14; MTC Opp. at 17-18; MTD Br. at 11-12; MTD Opp. at 10-12), the Court need not, and does not, reach that issue. TIAA does not seek partial dismissal of Fuller's claims insofar as they relate to Nuveen's claim for breach of contract.

that Fuller violated the Agreements by disclosing and retaining Nuveen's confidential information; as a result, according to TIAA, *Fuller* is required under the Agreements to pay *Nuveen's* attorneys' fees. (*Id.*). Here again, TIAA improperly asks the Court to find as a matter of fact that Fuller breached his contractual obligations as alleged by Nuveen. This the Court cannot do at this stage of the litigation. *See Levy*, 2015 WL 5333536, at *2 ("[t]he court should not evaluate the merits of the claims when deciding whether to award advancement of fees").

### C. Fuller's Claim for Indemnification Under TIAA's Bylaws

In relevant part, Article 6 of TIAA's bylaws, entitled "Indemnification of Trustees, Officers and Employees" provides:

> The Association **shall indemnify**, in the manner and to the full extent permitted by law, each person made or threatened to be made a party to any action, suit or proceeding, **whether or not by or in the right of the Association**, and whether civil, criminal, administrative, investigative or otherwise, by reason of the fact that he or she . . . was a[n] . . . **employee of the Association**.

> Any liabilities or expenses **may be paid in advance** of the final disposition of the claim, suit or proceeding, upon receipt of an undertaking by or on behalf of the person to whom the advance is made to repay the advance in the case it shall be ultimately determined that such person is not entitled to indemnification by a court of competent jurisdiction.

> Any indemnification provided by this Article shall continue as to a person who has ceased to be a[n] . . . employee of the Association.

> The **foregoing indemnification provisions shall be deemed to be a contract between the Association and each person who serves in such a capacity at any time while these provisions are in effect** . . . . Such

> contract right may not be modified retroactively without
> the consent of such person, except as provided by law.

(ATPC Ex. 1 Art. 6) (emphasis added).  The ATPC relies on these provisions to plead

a claim for indemnification separate and apart from Article 7.  (*See id.* ¶¶ 1, 29, 40,

43, 45, 46).

 In moving to dismiss this claim, TIAA argues that "it would be absurd" to

construe its bylaws to indemnify Fuller for his breaches of the Agreements,

especially since "TIAA is expressly referenced on page 1 of both Agreements."

(MTD Br. at 13-14).  In support, TIAA cites cases holding that indemnification

agreements "'must be strictly construed'" and that a claim for indemnification must

be dismissed unless the agreement "'demonstrate[s] an unmistakable intent to

indemnify'" the party seeking indemnification  (*Id.* at 13-14 (quoting *Autocrafting

Fleet Solutions, Inc. v. Alliance Fleet Co.*, 148 A.D.3d 1564, 1565, 51 N.Y.S.3d 285

(4th Dep't 2017), and *Ameriprise Captive Ins. Co. v. Audatex N. Am.*, 675 F. Supp.

3d 340, 346 (S.D.N.Y. 2023)).

 Fuller counters by agreeing that TIAA's bylaws must be strictly construed

under New York law, but notes that TIAA's argument "lacks any analysis of the

[TIAA] Bylaws or meaningful discussion of the relevant language," and that New

York courts enforce contractual indemnification clauses where, as Fuller contends is

the case here, they contain broad language unambiguously covering the dispute at

issue.  (MTD Opp. at 3-4).

 As a threshold matter, a corporation's bylaws can create a contractual

relationship between the company and the parties those bylaws seek to indemnify

where the bylaws unequivocally state such an intention.  *See, e.g.*, *In re Navidea Biopharmaceuticals Litig.*, No. 19 Civ. 1578 (VEC) (DF), 2020 WL 6561805, at *4, *15 (S.D.N.Y. July 9, 2020) (noting bylaws at issue "shall be deemed to be a contract" and construing them as such), *R&R adopted*, 2020 WL 4932779 (S.D.N.Y. Aug. 24, 2020).  That is the case here.  The TIAA bylaws expressly state that the "foregoing indemnification provisions shall be deemed to be a contract between [TIAA] and each person who serves in such capacity [*i.e.*, as an employee] at any time while these provisions are in effect."  (ATPC Ex. 1 Art. 6).

TIAA's argument that its contractually enforceable bylaws fail to demonstrate an "unmistakable intent" to indemnify Fuller falls short for two reasons.  First, the "unmistakable intent" rule was fashioned for so-called intra-party disputes where the underlying action is between the potentially indemnifying company and the party claiming indemnification.  *See Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 492, 548 N.E.2d 903, 549 N.Y.S.3d 265 (1989) ("Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred *in litigation between them* is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise.") (emphasis added).  Here, however, the underlying dispute is not between *TIAA* and Fuller, but between *Nuveen* and Fuller, and TIAA has not argued that it and

Nuveen are the same for indemnification purposes. (*See* note 5, *supra*). Hence, the "unmistakable intent" rule does not apply.

Second, even if the rule did apply, the clear and unambiguous language of Article 6 of the TIAA bylaws manifests an unmistakable intent to indemnify former employees, such as Fuller, and to do so even in the context of intra-party disputes where TIAA is the claimant. As noted above, the bylaws state that TIAA (1) "*shall* indemnify," to "the *full extent* permitted by law," individuals who are made parties to a lawsuit; (2) "by reason of the fact" that the individual was an employee of TIAA or, while an employee of TIAA, "served any other corporation . . . in any capacity at the written request of [TIAA]"; and that this is true (3) "*whether or not*" the suit was brought "by or in the right of [TIAA]"; and (4) even if the individual "has ceased to be a[n] . . . employee of [TIAA]." (*Id.*) (emphasis added). The ATPC relies on these unambiguous provisions in addition to plausibly alleging that Fuller was a TIAA employee from 2009 to 2018 who, during that time, was asked by TIAA, in writing, to provide services to Nuveen. (*See id.* ¶¶ 1, 10, 29, 40, 43).

TIAA offers no reading of its bylaws' broad and unambiguous language that would place Fuller outside Article 6's scope. Instead, TIAA seems to take the position that if it disagrees with the *implication of the language* of the bylaws, then the language of the bylaws itself must be ambiguous. (*See* MTD Reply at 8). But that is not the law. TIAA must point to an ambiguity within the text of the bylaws, which it fails to do. *See Elite Union Installations, LLC v. Nat'l Fire Ins. Co.*, 559 F. Supp. 3d 211, 224 (S.D.N.Y. 2021) ("'any ambiguity in a contract must emanate

31

from the language used in the contract rather than from one party's subjective perception of the terms'") (quoting *Lee v. BSB Greenwich Mortg. Ltd. Partnership*, 267 F.3d 172, 179 (2d Cir. 2001)); *Exxon Mobil Corp. v. Tredegar Corp.*, 891 F. Supp. 2d 559, 562 (S.D.N.Y. 2012) ("Contract language is unambiguous if it has a definite and precise meaning . . . [p]lain language is not ambiguous merely because the parties urge differing interpretations") (cleaned up).

"'Notwithstanding the strict construction rule enunciated in *Hooper*, courts have routinely held that where the indemnification is broad, in the absence of limiting language, both intra-party and third party claims are covered.'" *Wistron NeWeb Corp. v. Genesis Networks Telecom Servs, LLC*, No. 22 Civ. 2538 (LJL), 2023 WL 5211352, at *8 (S.D.N.Y. Aug. 14, 2023) (quoting *In re Part 60 RMBS Put – Back Litig.*, 195 A.D.3d 40, 56, 146 N.Y.S.3d 109 (1st Dep't 2021)).  A pertinent example is Judge Lynch's ruling in *Happy Kids, Inc. v. Glasgow*, No. 01 Civ. 6434 (GEL), 2002 WL 72937 (S.D.N.Y. Jan. 17, 2002).

In *Happy Kids*, a company sued a former director for fraud and breach of fiduciary duty and then, when the defendant moved for advancement of his attorneys' fees, argued that indemnification was not available to him under the parties' indemnification agreement.  *Id.* at *1.  Judge Lynch rejected that argument, noting that the contract was "worded particularly broadly" in that it said (like TIAA's bylaws here) that the company "shall indemnify" the director "to the fullest extent permitted by law."  *Id.* at *3.  The court reasoned that, even though the contract there did *not* expressly include intraparty disputes (unlike the TIAA

bylaws), "[t]he literal import of these provisions clearly covers litigation between the parties, since indemnification in a case such as this one is not prohibited by law." *Id*. As a result, given the "all-encompassing nature of the indemnity provided," the agreement "meets the test of *Hooper*" by manifesting the parties' unmistakable intent to provide an indemnity for litigation between them. *Id*. at *4. The same conclusion is compelled here.

    None of the cases relied upon by TIAA overcome the plain meaning of Article 6 of TIAA's bylaws or call for a different result. For example, the court in *Autocrafting Fleet Solutions* construed a boilerplate indemnification clause as not applying to an intra-party claim for breach of the same contract, particularly since the plaintiff sought indemnification from an individual defendant-guarantor who had been exempted from liability for the corporate defendant's breach. 148 A.D.3d at 1565-66. In *Ameriprise Captive*, the district court ruled that other provisions of the contract imposed exclusive responsibilities on the plaintiff for the underlying litigation as to which it was seeking indemnification from the defendant. 675 F. Supp. 3d at 348-49. And in any event, the district court's dismissal of the indemnification claim is no longer good law, having been vacated and remanded by the Second Circuit after the briefing on TIAA's motion to dismiss. *See Ameriprise Captive Ins. Co. v. Audatex N. Am., Inc.*, No. 23-957, 2024 WL 2350315 (2d Cir. May 23, 2024).

    Nor would it be "absurd" to construe the bylaws as providing Fuller with a right of indemnification, as TIAA contends. Here again, TIAA's argument depends

on its premature assumption that Nuveen has not only alleged, but proven, that Fuller committed "bad acts" and "engaged in personal wrongful conduct." (MTD Reply at 8-9 (citation omitted)).  If Nuveen does prove those things, then Fuller likely will not be entitled to indemnification under the bylaws.  *See* N.Y. Bus. Corp. L. § 721 (prohibiting indemnification under bylaws or by contract for acts "committed in bad faith" or that "were the result of active and deliberate dishonesty" or where indemnified party "personally gained in fact a financial profit or other advantage to which he was not legally entitled").

On the other hand, if Fuller prevails in the underlying action, then there will be no judgment against which TIAA will be obligated to indemnify Fuller.  Fuller may, in that event, be entitled to indemnification for attorneys' fees and costs spent in successfully defending himself; but it would be entirely rational, and certainly not absurd, for a corporation to agree to provide such a benefit to its employees. *See Ficus Invs.*, 61 A.D.3d at 9 (noting that "one of the beneficial purposes behind both indemnification and advancement is to help attract capable individuals into corporate service by easing the burden of litigation-related expenses").

Finally, TIAA argues that its bylaws provide for indemnification only "to the full extent permitted by law" and that, because "Fuller has no legal right to indemnification under the BCL/N-PCL, he has no right of indemnification under the By-laws either."  (MTD Reply at 8; MTD Br. at 15-16).  This argument is likewise devoid of merit.  Although the BCL/N-PCL does not *provide* Fuller with a right of indemnification (because he was not a director or officer), it does not *prohibit* TIAA

from contractually agreeing to provide Fuller with a right of indemnification. As noted, the exact opposite is true: Section 721 expressly *permits* companies to provide indemnification rights by contract to "corporate personnel other than directors and officers." Thus, Fuller's claim for indemnification under the bylaws is "permitted by law." Whether Fuller will ultimately be entitled to indemnification is, of course, a determination for another day.

In sum, TIAA's bylaws unambiguously provide for mandatory indemnification for former employees regardless of whether the suit was brought in the right of the corporation. Because Fuller relies on these provisions in the ATPC, he has plausibly pled a claim for contractual indemnification. Accordingly, TIAA's motion to dismiss Fuller's claim for indemnification under the TIAA bylaws (Count I of the ATPC) should be denied.

### D. Advancement Under TIAA's Bylaws

At the same time, it bears noting that TIAA's bylaws do not grant, and Fuller does not assert, a right to advancement of his legal fees during the pendency of the litigation. Rather, the bylaws state that "[a]ny liabilities or expenses *may* be paid in advance of the final disposition of the claim." (ATPC Ex. 1 Art. 6) (emphasis added). This language is clearly permissive in nature. *See In re Navidea Biopharmaceuticals*, 2020 WL 6561805, at *17 (agreeing that a "bylaws provision that stated that advancement 'may' be paid upon the receipt of an undertaking" is permissive) (quoting *Thompson v. The Williams Cos.*, C.A. No. 2716-CVS, 2007 WL 3326007, at *1 (Dec. Ch. July 31, 2007)). Thus, there is no advancement obligation

under TIAA's bylaws, and TIAA was within its rights to refuse to provide it when Fuller provided an undertaking and requested advancement.  (*See* ATPC ¶ 35 & Ex. 6); *United States v. Weissman*, No. S2 94 Cr. 760 (CSH), 1997 WL 539774, at *18 (S.D.N.Y. Aug. 27, 1997) (through its bylaws, a corporation "may, of course, determine . . . that advancement should be made optional, or should not be permitted at all").  In turn, unlike Fuller's claim for indemnification pursuant to TIAA's bylaws, his cause of action for advancement (Count II of the ATPC) should be dismissed because he is not entitled to advancement under either the BCL/N-PCL or TIAA's bylaws.  Likewise, it is for these reasons that the Court denies his motion to compel advancement.

## CONCLUSION

For the foregoing reasons, the undersigned (1) **DENIES** Fuller's motion to compel advancement of attorneys' fees and costs  and (2) respectfully recommends that TIAA's motion to dismiss the ATPC be **GRANTED IN PART** and **DENIED IN PART**.  Accordingly, Fuller's request for oral argument (Dkt. No. 59) is **DENIED as MOOT**.

The Clerk of Court is respectfully directed to close the open motions at Docket Numbers 35 and 59.

**SO ORDERED.**

DATED:     New York, New York
           September 5, 2024

_____
GARY STEIN
United States Magistrate Judge

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

With respect to the Court's Report & Recommendation on TIAA's motion to dismiss the ATPC, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen days, inclusive of weekends and holidays, from the date of the Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. 6(a), (b), and (d). Any such objections shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be directed to the Honorable Laura Taylor Swain. A failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner v. Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).